## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

IN RE:    STEVEN KEITH JENKINS    CASE NO. 19-13234-JDW

### MOTION TO COMPEL FULL RESPONSE TO SUBPOENA DUCES TECUM

COMES NOW, Nutrien Ag Solutions, Inc. f/k/a Crop Production Services, Inc. ("Nutrien") by and through counsel, and files this Motion to Compel a full response to its Subpoena Duces Tecum ("Subpoena") served upon the referenced debtor, Steven Keith Jenkins ("Debtor") directing same to produce certain documents and information as requested therein, and in support thereof would show unto the Court the following:

1. On or about August 12, 2019, the Debtor filed his voluntary petition for relief pursuant to Chapter 7, Title 11 of the United States Code.

2. By email TO Debtor's counsel dated January 16, 2022 and copies to the Chapter 7 Trustee, Will Fava ("Trustee"), counsel for Nutrien identified numerous documents which had not been produced by the Debtor in anticipation of a previously contemplated joint and consensual Rule 2004 Examination of the Debtor by the Trustee, U.S. Trustee, counsel for JWBMS LLC and the undersigned as counsel for Nutrien. Attached as Collective Exhibit "1" is a copy of that communication, as well as a list of documents requested and numerous deficiencies highlighted in red.

3. Anticipating that those deficiencies would not be timely cured and inertia would persist, Nutrien issued and served its subpoena duces tecum ("Subpoena") on the Debtor by personal service on January 22, 2020. A copy of Nutrien's Notice of Service and attendant Subpoena is attached hereto and incorporated herein by reference as Exhibit "2" which reflects a responsive date of January 30, 2020 after its service.

573732_1

4. Nevertheless, to accommodate Debtor's counsel's request, Nutrien, through its counsel, agreed that the Debtor would have up to and including Wednesday, February 3, 2020 to respond to the Subpoena as evidence by the email dated January 30, 2020 attached hereto as Exhibit "3." That date having come and gone without a responsive production, Nutrien's counsel prepared the instant motion and readied it to be filed on February 10, 2020. However, on that date, counsel for the Debtor, John Sherman, contacted the undersigned advising that production was imminent and as such, requested up to and including February 14, 2020 to produce responsive documents.[1] Counsel for Nutrien again consented but with the admonition that no further extensions could or would be granted voluntarily. Thereafter, the Debtor did provide, under multiple emails from his counsel, documents responsive to many of the requests delineated by the Subpoena, but Nutrien has yet to receive all documents fully responsive to the deficiencies outlined by its counsel in Exhibit "1."

5. Again, in an effort to avoid Court involvement, counsel for Nutrien sent the Debtor's counsel a "good faith letter" on March 10, 2020 specifically outlining the documents not yet produced per the directives of the Subpoena. A copy of that correspondence is attached hereto and incorporated herein by reference as Exhibit "4" ("Good Faith Letter").

6. As of the filing of this motion, it has been 66 days since the Debtor was served with the Subpoena, more than five (5) weeks after the February 14, 2020, agreed upon extension of the Subpoena's January 30, 2020 return date and approximately ten (10) days since the Good Faith Letter, without a full response to the Subpoena by the Debtor as set forth therein. For the reasons outlined herein, as well as Nutrien's pressing and ongoing need to have a complete set of

---

[1] Additionally, the Chapter 7 Trustee has continued from time to time this Debtor's 341(a) meeting while awaiting various documents that are necessary to conclude same, properly administer the Debtor's estate and, moreover, sufficient in nature to allow him to adequately participate in a joint Rule 2004 exam contemplated by the various parties. Moreover, unless and until the subpoenaed documents are fully produced, Nutrien has been forced to motion the Court seeking additional time to pursue certain claims contemplated by 11U.S.C 523.

573732_1

subpoenaed documents prior to any contemplated R2004 exam of the Debtor, a resetting of the Debtor's § 341(a) first meeting of creditors and its analysis of any potential § 523 claims against the Debtor, Nutrien is left with little choice than to prevail upon the Court to assist it by compelling the Debtor to fully comply with a federal subpoena by producing the remaining documents identified in the Good Faith Letter.

    WHEREFORE, Nutrien respectfully requests entry of this Court's order compelling the Defendant to fully respond to the Subpoena, particular those remaining deficiencies set forth in the Good Faith Letter attached as Exhibit "1." Nutrien prays for such other general and specific relief as this Court may deem just.

    THIS, the 20th day of March, 2020.

Respectfully submitted,

NUTRIEN AG SOLUTIONS, INC.
f/k/a Crop Production Services, Inc.

/s/ D. Andrew Phillips
D. ANDREW PHILLIPS (MSB #8509)

OF COUNSEL:

MITCHELL, McNUTT & SAMS, P.A.
P.O. Box 947
Oxford, MS 38655-0947
(662) 234-4845
aphillips@mitchellmcnutt.com

573732_1

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2020, a copy of the foregoing Motion to Compel Full Response to Subpoena Duces Tecum was served on the parties listed below by first-class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

John M. Sherman, Esquire
P.O. Box 1900
Clarksdale, MS  38614
jsher203@bellsouth.net
Attorney for Debtor

William L. Fava
Chapter 7 Trustee
wfava@favafirm.com

Scott Phillips, Esquire
Campbell DeLong, LLP
P.O. Box 1856
Greenville, MS  38702
sphillips@campbelldelongllp.com
Attorney for JWBMS LLC

U.S. Trustee
USTPRegion05.JA.ECF@usdoj.gov


DATED, this the 20th day of March 2020.

/s/ D. Andrew Phillips
D. Andrew Phillips

573732_1

**Andy Phillips**

| | |
|---|---|
| **From:** | Andy Phillips |
| **Sent:** | Thursday, January 16, 2020 4:16 PM |
| **To:** | 'jsher203' |
| **Cc:** | Will Fava (wfava@favafirm.com); Rosamond Posey |
| **Subject:** | FW: Documents to be produced by Jenkins |
| **Attachments:** | 573379_1.DOC |

John-

That in red is what we're missing, which is a considerable amount. What is not noted in red is that the only insurance reports that were produced were for 2019. Nothing for 2016 and 2017 as requested. The crop reports have no documents supporting the numbers like checks, check advises, weigh tickets..etc. Given time restraints, today's postponed R2004 and continued 341(a), I think it's probably best we subpoena the documents from Mr. Jenkins. However, thanks for your efforts.

**D. Andrew Phillips**
**Mitchell, McNutt & Sams, P.A.**
**1216 Van Buren**
**Post Office Box 947**
**Oxford, MS  38655**
**Tel.  662-234-4845**
**Fax  662-234-9071**
**aphillips@mitchellmcnutt.com**

**From:** Rosamond Posey
**Sent:** Thursday, January 16, 2020 3:59 PM
**To:** Andy Phillips
**Subject:** Documents to be produced by Jenkins

NOTICE: This electronic mail transmission (including any referenced or attached materials) may be PRIVILEGED, WORK PRODUCT, PROPRIETARY and/or CONFIDENTIAL. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error you are PROHIBITED from disclosing, disseminating, reproducing, using or relying on it and its contents, and you are to immediately delete it from your system without copying it, and notify the sender by reply e-mail of the erroneous transmission. CIRCULAR 230 DISCLOSURE: To comply with Treasury Department regulations, we inform you that, unless otherwise expressly indicated, any tax advice contained in this communication including any attachments, is not intended or written to be used, and cannot be used, for the purpose of (i)avoiding penalties that may be imposed under the Internal Revenue Code or any other applicable tax law, or (ii) promoting, marketing or recommending to another party any transaction, arrangement, or other matter.



EXHIBIT
Collective
1

12. <u>Provide any and all documents</u> that evidence the harvest and sale of 2016 rice crops sold by Keith Jenkins, individually ("Debtor") and/or SKJ, LLC, Mabry Farms, LLC, Phelps Farms, LLC, Westside Inc. and J&P Farms of Mississippi, Inc. ("Farming Entities") <u>including all documents and/or information evidencing:</u>

    a.    The amount of per acre of 2016 rice harvested by the Debtor and Farming Entities, specifically designating the grower and the amount of acres harvested by each; and <span style="color:red">FSA 578 2016 reflects how much rice was planted but not how much rice was harvested, stored, or sold in 2016. The document Crop Sales-2016 lists rice sold (although the amount of rice sold by Phelps Farms to MS Rice is "unknown") but has no backup documentation (copies of checks, bank statements, etc.) evidencing those sales.</span>

    b.    To whom or what entity ("Purchaser") the 2016 rice of the Debtor or Farming Entities were sold, specifically designating which grower sold the specific amounts identified; and <span style="color:red">The document Crop Sales-2016 lists this information but is a compilation of information from documents not produced.</span>

    c.    Checks and/or check advises evidencing the amount of monies received by the Debtor and/or Farming Entities from each Purchaser for the sale of 2016 rice, specifically designating to which grower those payments were made and how much. <span style="color:red">No documents provided.</span>

13. Provide <u>any and all documents</u> that evidence the harvest and sale of 2016 soybeans and corn crops sold by the Debtor and/or Farming Entities, <u>including all documents and/or information</u> evidencing:

    a.    The amount of per acre of 2016 soybeans and corn harvested by the Debtor and Farming Entities, specifically designating the grower and the amount of acres harvested by each; and <span style="color:red">FSA 578 2016 reflects how much crop was planted but not how much crop was harvested, stored, or sold in 2016. The document Crop Sales-2016 lists soybeans sold (although the amount sold by Westside Farms to Gavilon, by SKJ, LLC to Scoular, and by Phelps Farms to Scoular is "unknown"). Again, the document Crop Sales-2016 has no backup documentation (copies of checks, bank statements, etc.) evidencing those sales.</span>

    b.    To whom or what entity ("Purchaser") the 2016 soybeans and corn of the Debtor or Farming Entities were sold, specifically designating which grower sold the specific amounts identified; and <span style="color:red">The document Crop Sales-2016 lists this but is a compilation of information from documents not produced.</span>

    c.    Checks and/or check advises evidencing the amount of monies received by the Debtor and/or Farming Entities from each Purchaser for the sale of 2016 soybeans and corn, specifically designating to which grower those payments were made and how much. <span style="color:red">No documents provided.</span>

14. Copies of any and all checks and/or check advises evidencing the Debtor's and/or Farming Entities' receipt of crop insurance check from "PP Corn Acres" for 2015. <span style="color:red">No documents.</span>

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern District of Mississippi

In re: Steven Keith Jenkins
Debtor

Case No. 19-13234-JDW

Chapter 7

*(Complete if issued in an adversary proceeding)*

Plaintiff
v.
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Steven Keith Jenkins
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE 1216 Van Buren Avenue, Oxford, MS 38655 | DATE AND TIME January 30, 2020 by 5:00 p.m. |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR  D. Aw P
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Nutrien Ag Solutions, Inc., who issues or requests this subpoena, are:
D. Andrew Phillips, 1216 Van Buren Avenue, Oxford, MS 38655 aphillips@mitchellmcnutt.com; 662 234 4845

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).


EXHIBIT 2

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: __STEVEN KEITH JENKINS__
on *(date)* __1-15-20__

☒ I served the subpoena by delivering a copy to the named person as follows: __PERSONAL SERVICE
TO STEVEN KEITH JENKINS__
_____ on *(date)* __1-22-20__ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: __1-22-20__

*Leonard Sanders*
Server's signature

__LEONARD SANDERS__
Printed name and title

Sanders Investigation Service
137 Road 1430
Tupelo, MS 38801
(662) 231-4389
Server's address

Additional information concerning attempted service, etc.:

**Andy Phillips**

| | |
|---|---|
| **From:** | Andy Phillips |
| **Sent:** | Friday, February 07, 2020 3:56 PM |
| **To:** | Dana Harwell |
| **Subject:** | FW: Keith Jenkins |

**From:** John Sherman [mailto:jsher203@bellsouth.net]
**Sent:** Friday, January 31, 2020 11:09 AM
**To:** Andy Phillips
**Cc:** Rosamond Posey
**Subject:** Re: Keith Jenkins

Thank you.
John Sherman

On Thursday, January 30, 2020, 6:17:23 PM CST, Andy Phillips <aphillips@mitchellmcnutt.com> wrote:

Of course. Next Wednesday?
We'll file the motion to extend 523 tomorrow with reference there's not opposition by debtor.

Sent from my iPhone

On Jan 30, 2020, at 5:45 PM, John Sherman <jsher203@bellsouth.net> wrote:

> Andy,
>
> Keith Jenkins' secretary is working on your information.
> The deadline is Friday.
> Can I have a few more days to produce information.
> Thanks
> John Sherman

NOTICE: This electronic mail transmission (including any referenced or attached materials) may be PRIVILEGED, WORK PRODUCT, PROPRIETARY and/or CONFIDENTIAL. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error you are PROHIBITED from disclosing, disseminating, reproducing, using or relying on it and its contents, and you are to immediately delete it from your system without copying it, and notify the sender by reply e-mail of the erroneous transmission. CIRCULAR 230 DISCLOSURE: To comply with Treasury Department regulations, we inform you that, unless otherwise expressly indicated, any tax advice contained in this communication including any attachments, is not intended or written to be used, and cannot be used, for the purpose of (i)avoiding penalties that may be imposed under the Internal Revenue Code or any other applicable tax law, or (ii) promoting, marketing or recommending to another party any transaction, arrangement, or other matter.

**EXHIBIT 3**

LAW OFFICES
# MITCHELL, McNUTT & SAMS
A PROFESSIONAL ASSOCIATION

105 SOUTH FRONT STREET
POST OFFICE BOX 7120
TUPELO, MISSISSIPPI 38802-7120
(662) 842-3871
FACSIMILE (662) 842-8450

215 FIFTH STREET NORTH
POST OFFICE BOX 1366
COLUMBUS, MISSISSIPPI 39703-1366
(662) 328-2316
FACSIMILE (662) 328-8035

1216 VAN BUREN
POST OFFICE BOX 947
OXFORD, MISSISSIPPI 38655
(662) 234-4845
FACSIMILE (662) 234-9071

22 NORTH FRONT STREET,
SUITE 1030
MEMPHIS, TENNESSEE 38103
(901) 527-2585
FACSIMILE (901) 527-2361

200 SOUTH MONTGOMERY STREET
SUITE 202 - 203
STARKVILLE, MS 39759
(662) 270-6283
FACSIMILE (662) 842-8450

D. ANDREW PHILLIPS
DIRECT (662) 234-4845
EMAIL: aphillips@mitchellmcnutt.com

March 10, 2020

**VIA REGULAR MAIL AND EMAIL**
John M. Sherman, Esq.
P.O. Box 1900
Clarksdale, MS 38614
jsher203@bellsouth.net

RE: Nutrien Ag Solutions, Inc. v. Steven Keith Jenkins
Case No. 19-13234-JDW

Dear John:

On January 14, 2020, I issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case ("Subpoena") to the Debtor Steven Keith Jenkins ("Debtor"), requesting production of certain documents on or before January 30, 2020 at 5:00 p.m. A copy of the Subpoena is attached hereto. At the Debtor's request, the deadline for production of documents was extended to February 14, 2020. As of this date, I still have not received all of the documents requested from the Debtor.

Specifically, the Debtor has failed to produce documents reflecting how much rice and soybeans were harvested in 2016, and 2017, and has failed to designate the grower and amount of acres harvested for each. The Debtor and the related farming entities have failed to produce documents evidencing the amount of 2016 and 2017 rice, soybeans or corn stored by same. Although the Debtor produced Crop Sales lists for 2016 and 2017, identifying the buyer and net payment received by each farming entity, the Debtor has failed to produce complete copies of the underlying statements and copies of checks received from those sales. The Debtor has failed to produce all of the documents evidencing deficient 2016 and 2017 rice bushels reported by the Debtor and farming entities to their crop insurance provider, specifically, copies of checks related to the Summaries of Loss produced from Diversified. Finally, the Debtor has failed to produce copies of checks or check advises evidencing the Debtor's or Farming entities' receipt of crop insurance check from "PP Corn Acres" for 2015.



EXHIBIT 4

I would appreciate the Debtor providing me the above referenced documents before the close of business on March 17, 2020. I trust that you will not make necessary a motion to compel and/or the Court's intervention. Nutrien Ag Solutions, Inc. reserves all rights to motion the Court to the extent the Debtor's responses are not timely received on or before March 17, 2020, and/or fail to be adequately responsive.

Very truly yours,

*/s/ Andy*

D. Andrew Phillips

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Northern__ District of __Mississippi__

In re __Steven Keith Jenkins__
          Debtor

Case No. __19-13234-JDW__

*(Complete if issued in an adversary proceeding)*

Chapter __7__

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Steven Keith Jenkins__

*(Name of person to whom the subpoena is directed)*

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE 1216 Van Buren Avenue, Oxford, MS 38655 | DATE AND TIME January 30, 2020 by 5:00 p.m. |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __1/14/20__

      CLERK OF COURT

                                OR      __D. A. P__

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Nutrien Ag Solutions, Inc.__, who issues or requests this subpoena, are:
D. Andrew Phillips, 1216 Van Buren Avenue, Oxford, MS 38655 aphillips@mitchellmcnutt.com; 662 234 4845

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## EXHIBIT "A"

1.      Provide any and all documents that evidence the harvest and sale of 2016 rice crops sold by Keith Jenkins, individually ("Debtor") and/or SKJ, LLC, Mabry Farms, LLC, Phelps Farms, LLC, Westside Inc. and J&P Farms of Mississippi, Inc. ("Farming Entities") including all documents and/or information evidencing:

   a.   The amount of per acre of 2016 rice harvested by the Debtor and Farming Entities, specifically designating the grower and the amount of acres harvested by each; and
   b.   To whom or what entity ("Purchaser") the 2016 rice of the Debtor or Farming Entities were sold, specifically designating which grower sold the specific amounts identified; and
   c.   Checks and/or check advises evidencing the amount of monies received by the Debtor and/or Farming Entities from each Purchaser for the sale of 2016 rice, specifically designating to which grower those payments were made and how much.

2.      Provide any and all documents that evidence the harvest and sale of 2016 soybeans and corn crops sold by the Debtor and/or Farming Entities, including all documents and/or information evidencing:

   a.   The amount of per acre of 2016 soybeans and corn harvested by the Debtor and Farming Entities, specifically designating the grower and the amount of acres harvested by each; and
   b.   To whom or what entity ("Purchaser") the 2016 soybeans and corn of the Debtor or Farming Entities were sold, specifically designating which grower sold the specific amounts identified; and
   c.   Checks and/or check advises evidencing the amount of monies received by the Debtor and/or Farming Entities from each Purchaser for the sale of 2016 soybeans and corn, specifically designating to which grower those payments were made and how much.

3.      Copies of any and all checks and/or check advises evidencing the Debtor's and/or Farming Entities' receipt of crop insurance check from "PP Corn Acres" for 2015.

4.      Any and all documents and/or information evidencing FSA payments received by the Debtor and/or Farming Entities for any crops grown in 2016 and 2017, specifically designating which grower received what amounts and what type of payments.

573300

5. Any and all documents and/or information evidencing the amount of deficient 2016 rice bushels reported by the Debtor and Farming Entities to their crop insurance provider, as well as copies of any checks and/or attendant advises evidencing payment of same.

6. Provide any and all documents that evidence the harvest and sale of 2017 rice sold by the Debtor and/or Farming Entities, including all documents and/or information evidencing:

   a. The amount of per acre of 2017 rice harvested by the Debtor and Farming Entities, specifically designating the grower and the amount of acres harvested by each; and
   b. To whom or what entity ("Purchaser") the 2017 rice of the Debtor or Farming Entities were sold, specifically designating which grower sold the specific amounts identified; and
   c. Checks and/or check advises evidencing the amount of monies received by the Debtor and/or Farming Entities from each Purchaser for the sale of 2017 rice, specifically designating to which grower those payments were made and how much.

7. Provide any and all documents that evidence the harvest and sale of 2017 soybeans and corn crops sold by the Debtor and/or Farming Entities, including all documents and/or information evidencing:

   a. The amount of per acre of 2017 soybeans and corn harvested by the Debtor and Farming Entities, specifically designating the grower and the amount of acres harvested by each; and
   b. To whom or what entity ("Purchaser") the 2017 soybeans and corn of the Debtor or Farming Entities were sold, specifically designating which grower sold the specific amounts identified; and
   c. Checks and check advises evidencing the amount of monies received by the Debtor and/or Farming Entities from each Purchaser for the sale of 2017 soybeans and corn, specifically designating to which grower those payments were made and how much.

8. Any and all documents of the Debtor and/or Farming Entities evidencing the amount of 2016 and 2017 rice, soybeans or corn stored in grain bins owned or leased by the Debtor and/or Farming Entities, specifically designated by each year the grower, as well as the type and amount of crop stored.

9. Any and all documents and/or information evidencing the amount of deficient 2017 rice bushels reported by the Debtor and Farming Entities to their crop insurance provider, as well as copies of any checks and attendant advises evidencing payment of same.

573300