**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:       STEVEN KEITH JENKINS                                    CASE NO. 19-13234-JDW

**RESPONSE AND OBJECTION TO AMENDED MOTION
TO SELL ASSET FREE AND CLEAR OF LIENS, INTEREST,
ENCUMBRANCES AND CLAIMS PURUSANT TO 11 USC SECTION 363**

COMES NOW, Nutrien Ag Solutions, Inc. f/k/a Crop Production Services, Inc. ("Nutrien") by and through counsel, and files this Response and Objection ("Response") to Amended Motion to Sell Asset ("Amended Motion to Sell") [Dkt. #127] filed by debtor, Steven Keith Jenkins ("Debtor") which follows the Debtor's original Motion to Sell [Dkt. #86], and in support thereof would show unto the Court the following:

1.     This court has jurisdiction over the subject matter herein and the parties hereto pursuant to 28 U.S.C. § 1334, 11 U.S.C. §§ 105, 363, 365 and 541, along with other statutes and rules.  This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A).

2.     Either as obligor or guarantor to various Notes attached to Nutrien's proof of claim [Claim #12] filed in this matter, the Debtor owes Nutrien no less than $1,956,105.00 ("Nutrien's Claim") as of the Debtor's August 12, 2019 petition date ("Petition Date"). Nutrien's Claim is secured by valid and perfected security interests in, inter alia, various crops grown by the Debtor and the related farming entities of J & P Farms of Mississippi, Inc., Westside Farms, Inc., SKJ, LLC, Phelps Farms, LLC and Mabry Farms, LLC ("Farming Entities"), as well as certain equipment and governmental payments/programs.

3.     Following the Petition Date, Will Fava was appointed as Chapter 7 trustee to the Debtor's estate ("Trustee").  Because of the Debtor's continued failure to fully produce documents requested by the Trustee, he has been forced to continue the Debtor's first meeting of

574523

creditors seven (7) times since its original October 2, 2019 setting. The most recent setting of May 11, 2020 is likely to be continued as well unless the Debtor produces documents sufficient to meet the Trustee's requirements. Other open estate issues include, inter alia, substantial assets yet to be administered by the Trustee including various real properties and an ocean going vessel that is now the subject of the Trustee's pending Motion to Sell, 2.) the Court's consideration of various reaffirmation agreements offered by the Debtor, and 3.) a likely joint examination of the Debtor by the Trustee, U.S. Trustee, and counsel for various creditors which may unveil other estate administration issues and prompt the filing of adversary proceedings. In short, the administration of the Debtor's Chapter 7 estate is in its infancy.

4.      By and through the Amended Motion to Sell which employs 11 U.S.C. § 363, the Debtor seeks to sell the same 120 acres of fully encumbered real property located in Panola County, Mississippi ("Real Property") as referenced in the Original Motion to Sell. However, "a 363 sale" is a statutory tool limited to the Trustee in a Chapter 7 context as the sole representative of the Debtor's estate unless he/she joins the relief sought. As such, the Amended Motion to Sell is statutorily flawed as noted by the Trustee's own objection to the Original Motion to Sell as well as Nutrien's to same. Moreover, the Trustee, as the sole representative of the Estate, is not a party to the "Real Estate Contract Offer and Acceptance" ("Contract") and the real estate agent/broker referenced therein, or Southern Land Company, LLC, has not been properly employed by the estate. As such, it can be paid no monies from the sale of estate property until and unless that employment is approved by the Court.

574523

5. Beyond the substantive deficiency of failing to include the value of the Real Property, the contract attached to the Amended Motion to Sell substitutes Winston C. Sims[1] ("Buyer" or "Sims") for Hubert Land Company, LLC ("HLC") as the Buyer and appears to up the ante by providing that the proposed Buyer will enter into a five (5) year farm lease and five (5) hunting lease[2] of the Real Property with the Debtor as opposed to a three (3) year farm lease and three (3) year hunting lease as referenced in the Original Motion to Sell. Read literally, the Debtor seeks to contract for and on behalf of his estate a leasehold of prospective farming and hunting rights to himself. Any leasing of the Real Property is the sole province of the Trustee…not the Debtor. As such, the Trustee is the only party that can presently enter into the Contract and, as such, the Debtor lacks standing to be a party to same unless ratified by the Trustee. Accordingly, the Contract, attached to the Amended Motion to Sell, is arguably voidable or void ab initio unless adopted by the Trustee and approved by the Court. Moreover, it is unclear why the proposed "buyer" under the original contract attached to the Original Motion to Sell, or HLC, is no longer contractually bound to purchase the Real Property since Paragraph 14 to the original contract specifically provides that it is bound to sell unless the Debtor fails to execute the very contract he offered in support of his Original Motion to Sell.

6. Underscoring the broader aspects of this Chapter 7 proceeding are 1.) the Debtor's present intent to reaffirm over two million dollars ($2,000,000.00) of indebtedness partially secured by, <u>inter alia</u>, the Real Property despite his schedules reflecting negative monthly income; 2.) his employment of 11 U.S.C. § 365(p)(1)(2) to effectively reaffirm substantial indebtedness owed to John Deere secured by multiple pieces of farming equipment,

---

[1] Per the Real Estate Contract Offer and Acceptance attached as an exhibit to the Original Motion to Sell.
[2] The Contract references five (5) year farming and hunting leases, but inconsistently provides that they are for the years 2020, 2021 and 2022.

574523

and 3.) his attempted negotiation of a prospective lease of estate real property for his own future farming and hunting purposes. All of these events seem to indicate that the Debtor is attempting to continue his farming operations despite the Chapter 7 liquidation relief he sought. By virtue of that elected remedy, the Debtor is statutorily displaced from his farming operations, but in this instance, it appears that the Debtor is attempting to reorganize his future farming enterprise(s) which is statutorily accomplished by a plan of reorganization offered in a Chapter 11 or 12 context…not a Chapter 7. If the Debtor has the income to service the Reaffirmation Agreements secured, in part, by the Real Property, he could and should propose and fund a plan of reorganization under another provision of Title 11. Instead, it's apparent the Debtor seeks the benefit of a discharge of his pre-petition indebtedness while using estate assets to set up a new farming operation without offering any plan to address the liabilities previously incurred under his watch. The net effect of these events is that the present bankruptcy proceeding represents a distorted version of a Chapter 7 liquidation and the Trustee is effectively being displaced from his exclusive control over the Debtor's assets as contemplated by Title 11 of the United States Code.

7. Unless and until these statutory hurdles can be cleared and both substantive and procedural deficiencies cured, the Amended Motion to Sell should be denied. Nutrien express reserves the right to amend this response up to and during any hearing of same.

8. Nutrien prays for such other general and specific relief as this Court may deem just.

WHEREFORE, Nutrien respectfully requests the entry of an order denying the Amended Motion to Sell unless and until the deficiencies outlined herein are cured to Nutrien's satisfaction. Nutrien prays for such other and general relief as this Court deems just.

574523

THIS, the 13th day of April, 2020.

            Respectfully submitted,

            NUTRIEN AG SOLUTIONS, INC.
            f/k/a Crop Production Services, Inc.

            /s/ D. Andrew Phillips
            D. ANDREW PHILLIPS (MSB #8509)


OF COUNSEL:

MITCHELL, McNUTT & SAMS, P.A.
P.O. Box 947
Oxford, MS  38655-0947
(662) 234-4845
aphillips@mitchellmcnutt.com

574523

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April, 2020, a copy of the foregoing Response was served on the parties listed below by first-class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

John M. Sherman, Esquire
P.O. Box 1900
Clarksdale, MS  38614
jsher203@bellsouth.net
Attorney for Debtor

William L. Fava
Chapter 7 Trustee
wfava@favafirm.com

Scott Phillips, Esquire
Campbell DeLong, LLP
P.O. Box 1856
Greenville, MS  38702
sphillips@campbelldelongllp.com
Attorney for JWBMS LLC

U.S. Trustee
USTPRegion05.JA.ECF@usdoj.gov


DATED, this the 13th day of April, 2020.


/s/ D. Andrew Phillips
D. Andrew Phillips

574523